**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| TANKA BAHADUR RAYACHHETRY, | No. 05-75603 |
| Petitioner, | |
| v. | Agency No. A077-852-091 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2010
San Francisco, California

Before: HUG, REINHARDT and BYBEE, Circuit Judges.

An Immigration Judge (IJ) denied Tanka Bahadur Rayachhetry's application

for asylum. The BIA affirmed on the ground that Rayachhetry had failed to

establish that the persecution he feared upon return to Nepal was on account of his

political opinion. Because that finding is not supported by substantial evidence,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

we grant Rayachhetry's petition for review and conclude that he is statutorily eligible for asylum. We remand so that the BIA may exercise its discretion to decide whether to grant asylum.

I.

The evidence that Rayachhetry produced at his immigration hearing compels the conclusion that the Maoist guerrillas who threatened his life were motivated, at least in part, by his political opinion.[1] *See Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc). Although the Maoists were initially interested in him solely for his money, once they learned of his opposition to Maoism through an article that he published in a local paper, they "made clear to [him] that his . . . political opinion contributed to their hatred of him and provided them with additional motive for their actions." *Gafoor v. INS*, 231 F.3d 645, 651 (9th Cir. 2000); *see also Sinha v. Holder*, 564 F.3d 1015, 1021 (9th Cir. 2009). Indeed, they sent him a letter telling him to stop publishing articles "against . . . the party," informing him that his name was on the "red list," that he faced "action any time anywhere," and

---

[1]The "at least in part" rule has been superseded by the REAL ID Act, Pub. L. No. 109-13, div. B, § 101(h)(2), 119 Stat. 231, 305 (2005). *See Parussimova v. Mukasey*, 533 F.3d 1128, 1133-34 (9th Cir. 2008). However, because Rayachhetry filed his asylum application before May 11, 2005, the pre-REAL ID standard governs. *See Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009).

that he should give them money "soon" to save his life. While they had demanded money from his family before, it was not until after he published the article that they threatened his life. *See Gonzales-Neyra v. INS*, 122 F.3d 1293, 1296 (9th Cir. 1997) (holding that evidence that the petitioner "had a political opinion, that he expressed it to his persecutors, and that they threatened him only after he expressed his opinion" compelled the conclusion that the threats were connected to his political opinion and not only to his failure to provide money in response to demands from the persecutors that pre-dated his expression of his political opinion). Moreover, the background evidence confirms that the Maoist group that threatened him is known for abducting and killing people on the basis of their public expressions of political opposition. *See Sinha*, 564 F.3d at 1021; *Gafoor*, 231 F.3d at 647-49.

## II.

The IJ based his denial of asylum in part on an adverse credibility finding. On appeal, the BIA affirmed a portion of the IJ's findings, but remained silent as to the credibility issue. "When the BIA's decision is silent on the issue of credibility, despite an IJ's explicit adverse credibility finding, we may presume that the BIA found the petitioner to be credible, and we so presume here." *Krotova v. Gonzales*,

416 F.3d 1080, 1084 (9th Cir. 2005) (internal citations removed). We therefore reject the government's argument that the remand should include a determination by the BIA as to the issue of credibility. We reiterate the recommendation that we have made to the BIA before on several occasions, that it address issues at the first opportunity so that neither it nor we may be required to consider the same case numerous times. *See Briones v. INS*, 175 F.3d 727, 730 n.1 (9th Cir. 1999). In this case, we conclude that the credibility issue has not been preserved.

GRANTED and REMANDED for EXERCISE of DISCRETION.